UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JONES, | Case No. 1:19-cv-01553-JLT (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| PEREZ, et al., | (Doc. 1) |
| Defendants. | 21-DAY DEADLINE |

Plaintiff Raymond Jones, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. section 1983. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 …, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies prior to filing suit, *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted), and courts must dismiss an action where the prisoner has failed to exhaust. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 740-41 (2001), and applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

///

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoners to appeal a departmental decision, action, condition, or policy having an adverse effect on prisoner welfare. Cal. Code Regs., tit. 15, § 3084.1. Compliance with section 1997e(a) requires California state prisoners to use CDCR's grievance process to exhaust their claims before filing suit. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).

Plaintiff alleges that the defendants retaliated against him and subjected him to cruel and unusual punishment. (Doc. 1 at 3-5, 7-8.) In his complaint, Plaintiff states that "[n]o administrative appeal process is available and no adequate remedy [is] available." (*Id.* at 3.) However, he provides no basis in law or fact for this conclusion. As described above, CDCR does have an administrative appeal process; and, exhaustion is required regardless of the relief offered. It appears that Plaintiff filed suit without exhausting this process, in violation of section 1997e(a). *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (9th Cir. 2014) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception applies."), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1169.

Accordingly, **within 21 days,** Plaintiff **SHALL** show cause in writing why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. **Plaintiff is advised that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: **November 12, 2019**    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE